IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ROOD,

      Petitioner,                  No. 2:12-cv-0170 KJN P

      vs.

BUTTE COUNTY COURT,

      Respondent.               ORDER

_____/

      Petitioner is a state prisoner proceeding without counsel, with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On May 21, 2012, this court granted petitioner's application to proceed in forma pauperis, directed the Clerk of Court to serve the petition on respondent, and directed respondent to file a response within 60 days.  (Dkt. No. 13.)

      On June 5, 2012, respondent filed a motion to strike the petition, due to illegibility, and requested that the court direct petitioner to file a legible amended petition.

      The court agrees that the petition is difficult to decipher.  The court ordered service because the petition appears complete (setting forth four grounds for relief, and averring exhaustion of state court remedies); the court was uncertain whether petitioner's nearly-illegible handwriting was attributable to physical handicap; and because the Attorney General's access to the full record below would assist in construing petitioner's claims.

1

1   The court has now compared petitioner's handwriting contained in the petition
2   (Dkt. No. 1), with his handwriting set forth in other documents he has filed in this action (see e.g.
3   Dkt. No. 6).  The handwriting in the petition appears to consist of a "re-tracing" of previous
4   handwriting, as compared to petitioner's other filed document (Dkt. No. 6), which is clear and
5   legible.  (However, petitioner's subsequently-filed document (Dkt. No. 7), is less legible and
6   provides yet a third style of handwriting.)
7   Regardless of whether petitioner is preparing his own filings, or relying on a third
8   party to do so, it is evident that he is capable of providing a more legible petition for writ of
9   habeas corpus, as required by the federal rules.  See Rule 2(c)(4) of the Rules Governing Section
10  2254 Cases ("The petition must . . . be printed, typewritten, or legibly handwritten"); Sawyer v.
11  Unknown, 2009 WL 136856, *1 (E.D. Cal. 2009) (dismissing without prejudice an amended
12  petition that, like the original petition, was illegible, noting that "because the court cannot read
13  the petition, it cannot proceed to review it").
14  For these reasons, IT IS HEREBY ORDERED that:
15  1. The petition filed January 19, 2012 (Dkt. No. 1), is dismissed without
16  prejudice.
17  2. Petitioner shall, within 30 days after service of this order, file an Amended
18  Petition, on the form provided herewith; the petition may be handwritten, but it must be legible.
19  3. All other deadlines in this action are vacated, pending further order of this
20  court.
21  4. The Clerk of Court is directed to send petitioner a copy of the form used in this
22  district for pursuing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.
23  DATED:  June 6, 2012

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26  rood0170.dsms.lta