1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN ROOD,

11              Petitioner,               No. 2:12-cv-0170 KJN P

12         vs.

13    WILLIAM KNIPP, Warden,[1]

14              Respondent.               ORDER

15    _____/

16    I.  Introduction

17              Petitioner is a state prisoner, proceeding without counsel, and in forma pauperis.

18    Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19    Both parties consented to proceed before the undersigned for all purposes.  See 28 U.S.C.

20    § 636(c).

21              Before the court is respondent's motion to dismiss the pending habeas petition as

22    barred by the statute of limitations.  Despite being granted an extension of time, petitioner did not

23    file an opposition to the motion.  For the reasons set forth below, the motion to dismiss is

24    granted.

25    _____

26         [1]  William Knipp is the current Warden of Mule Creek State Prison, and is substituted as
      respondent in place of the Butte County Superior Court.  Fed. R. Civ. P. 25(d).

                                      1

II. <u>Legal Standards</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

III. <u>Chronology</u>

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On July 12, 2005, petitioner pled no contest to assault in Butte County Superior Court Case No. SCR48016.  (Respondent's Lodged Document ("LD") 1.)  On November 29, 2007, petitioner was sentenced to six months concurrent jail time.  (LD 1.) Petitioner did not appeal this conviction.

////

1    2.  On July 12, 2005, petitioner pled no contest to arson in Butte County Superior

2    Court Case No. CM022078.  (LD 1.)  On November 29, 2007, petitioner was sentenced to four

3    years in state prison, credited with 1,523 days served, and released on parole.  (LD 1.)  Petitioner

4    did not appeal this conviction.

5    3.  On June 12, 2008, petitioner pled no contest to escape by force or violence in

6    Butte County Superior court Case No. CM24359, and a sentencing enhancement was found true.

7    (LD 2.)  On June 24, 2008, petitioner was sentenced to a nine year determinate state prison term.

8    (LD 2.)  Petitioner did not appeal this conviction.

9    4.  On August 7, 2007,[2] petitioner filed a petition for writ of habeas corpus in the

10   Butte County Superior Court, challenging the two 2007 convictions.[3]  (LD 3.)  The petition was

11   denied on September 19, 2007, because the challenged proceedings were stayed due to an inquiry

12   into petitioner's mental competence pursuant to California Penal Code § 1368.  (LD 4.)  On June

13   20, 2008, the petition was reinstated, and denied.  (LD 5.)

14   5.  On January 1, 2009, petitioner filed a second petition for writ of habeas corpus

15   in the Butte County Superior Court challenging the two 2007 convictions, and the 2008

16   conviction.[4]  (LD 6.)  On February 6, 2009, the petition was denied, with citations to In re Swain,

17

18

19   _____

       [2] Unless otherwise indicated, the state petitions for post-conviction relief have been given the benefit of the mailbox rule.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

20

21     [3] The first page of the August 7, 2007 petition also references Case No. CM24359. However, as noted by respondent, the conviction in Case No. CM24359 did not occur until June 24, 2008, long after the first state petition was filed, and after the first petition was denied on September 19, 2007.  Thus, the 2008 conviction was not challenged in the first state petition.

22

23     [4] As noted by respondent, the second petition claims only that petitioner was not transported to a hearing in December of 2008.  (LD 6.)  However, the superior court's dockets for petitioner's three convictions do not reflect a hearing date was scheduled in December of 2008. (LD 1-2.)  This review is confirmed by the superior court's ruling which notes there was no such hearing scheduled.  (LD 7.)  However, the superior court addressed the ruling as to all three convictions, and the petition contained all three case numbers.  (LD 6-7.)  Thus, the court presumes, for purposes of this motion, that the second petition challenged all three convictions.

24

25

26

34 Cal. 2d 300, 303-04 (1949), and <u>People v. Duvall</u>, 9 Cal. 4th 464, 474-75 (1995).[5]  (LD 7.)

6.  On February 8, 2009, petitioner filed a third petition for writ of habeas corpus in the Butte County Superior Court challenging all three convictions.  (LD 8.)  On March 13, 2009, the petition was denied with citations to <u>Swain</u>, 34 Cal. 2d at 303-04, and <u>Duvall</u>, 9 Cal. 4th at 474.  (LD 9.)

7.  On June 30, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (LD 10.)  While not entirely clear, it appears petitioner challenged all three convictions.  (LD 10.)  The petition was denied on July 30, 2009, without comment.  (LD 11.)

8.  On November 12, 2009, petitioner filed a fourth petition in the Butte County Superior Court, challenging all three convictions.[6]  (LD 12.)  On November 20, 2009, the petition was denied with citations to <u>Swain</u>, 34 Cal. 2d at 303-04, and <u>Duvall</u>, 9 Cal. 4th at 474.  (LD 13.)

9.  On May 1, 2010, petitioner filed a fifth petition in the Butte County Superior Court,[7] challenging all three convictions.  (LD 14.)  On May 12, 2010, the petition was denied with citations to <u>Swain</u>, 34 Cal. 2d at 303-04, <u>Duvall</u>, 9 Cal. 4th at 474, and <u>In re Clark</u>, 5 Cal. 4th 750, 767-68 (1993).[8]  (LD 15.)

10.  On May 7, 2010, petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (LD 16.)  Petitioner challenged all

---

[5]  The <u>Swain</u> citation indicated that petitioner's allegations were vague, unsupported and conclusory.  <u>Id.</u>, 34 Cal.2d at 303-04.  The citation to <u>Duvall</u> stated that petitioner failed to allege his claims with sufficient factual particularity.  <u>Id.</u>, 9 Cal. 4th at 474.

[6]  This petition was not dated by petitioner, and therefore is not given benefit of the mailbox rule.

[7]  Although petitioner titled the petition "Third Appellate District," the petition was filed in the Butte County Superior Court.  (LD 14.)

[8]  The California Supreme Court's citation to <u>Clark</u> reflects the "general rule . . . that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied."  <u>Id.</u> at 797.

1    three convictions.  (LD 16.)  The petition was denied on May 13, 2010, without comment.  (LD

2    17.)

3              11.  On April 26, 2010,[9] petitioner filed a petition for writ of habeas corpus in the

4    California Supreme Court, challenging all three convictions.  (LD 18.)  On January 26, 2011, the

5    petition for writ of habeas corpus was denied.  The Supreme Court docket reflects citations to In

6    re Dixon, 41 Cal. 2d 756 (1953), In re Lindley, 29 Cal. 2d 709 (1947), Duvall, 9 Cal. 4th at 474,

7    and Swain, 34 Cal. 2d at 300, 304, without explanation.  (LD 19.)

8              12.  Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the

9    instant action was constructively filed on January 5, 2012.  (Dkt. No. 1.)  This action is

10   proceeding on petitioner's first amended petition, filed June 13, 2012.  (Dkt. No. 20.)

11   IV.  Statutory Tolling

12             The statute of limitations period is tolled while a "properly filed" application for

13   state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  A state

14   petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are

15   in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S.

16   4, 8 (2000).  Statutory tolling is not available for a state habeas petition that is "improperly filed"

17   because untimely under California law.  Lakey v. Hickman, 633 F.3d 782, 787 (9th Cir. 2011)

18   (citing, inter alia, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).

19             Once a petitioner begins state collateral proceedings, a state habeas petition is

20   "pending" during a full round of review in the state courts, including the time between a lower

21   court decision and the filing of a new petition in a higher court, as long as the intervals between

22   the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

23

24             [9]  In the petition dated April 26, 2010, petitioner referenced a decision issued May 13,
     2010, which is after the signature date.  (LD 18.)  The petition was not filed in the California
25   Supreme Court until June 24, 2010.  (LD 18.)  Arguably, petitioner is not entitled to application
     of the mailbox rule based on the conflicting dates in this pleading, but giving petitioner the
26   benefit of the mailbox rule does not change the outcome here.

1    However, "[o]nly the time period during which a round of habeas review is pending tolls the

2    statute of limitation; periods between different rounds of collateral attack are not tolled."[10]  Banjo

3    v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).

4    V.  Analysis[11]

5               1.  2007 Convictions

6               Petitioner's November 29, 2007 convictions became final on January 28, 2008,

7    sixty days after the period for filing a direct appeal expired.  See Cal. Rules of Court 8.308

8    (formerly Rule 30.1).  The AEDPA statute of limitations period began to run the following day,

9    on January 29, 2008.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling,

10   petitioner's last day to file his federal petition was on January 28, 2009.

11              Petitioner's first petition, filed August 7, 2007, was filed before the statute of

12   limitations period began to run.  Thus, petitioner is only entitled to statutory tolling from January

13   29, 2008, the date the limitations period began to run, through June 20, 2008, the date the

14   petition was denied.  Pace, 544 U.S. at 414.  The statute of limitations period began to run again

15   on June 21, 2008.

16   ////

17   _____

18      [10]  The Ninth Circuit has articulated a "two-part test to determine whether the period
     between the denial of one petition and the filing of a second petition should be tolled.  First, we
19   ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating
     to the claims in the first petition.  If the petitions are not related, then the subsequent petition
20   constitutes a new round of collateral attack, and the time between them is not tolled.  If the
     successive petition was attempting to correct deficiencies of a prior petition, however, then the
21   prisoner is still making 'proper use of state court procedures,' and habeas review is still pending.
     Second, if the successive petition was not timely filed, the period between the petitions is not
22   tolled."  Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted).

23      [11]  The court recognizes that an application for writ of habeas corpus may challenge one
     judgment.  Rule 2(e), Rules Governing Section 2254 Cases (petitioner must "file a separate
24   petition covering the judgment or judgments of each court.")  However, in all but one of
     petitioner's post-conviction challenges in state court, petitioner challenged all three convictions
25   in one habeas petition.  Moreover, given that petitioner's challenges to the three convictions are
     all time-barred, as set forth below, judicial economy and efficiency are served by addressing
26   respondent's motion to dismiss on statute of limitations grounds in this case.  Requiring
     petitioner to file two more cases would be futile.

1     Petitioner's second petition, filed on January 1, 2009, is not entitled to interval

2  tolling for two reasons:

3     First, petitioner is not entitled to statutory tolling for the interval between the

4  denial of petitioner's first state habeas petition, and the date petitioner filed a second habeas

5  petition back in the Superior Court,[12] because in pursuing his subsequent state habeas petition,

6  petitioner did not go from a lower state court to a higher state court.  See Banjo, 614 F.3d at 968

7  ("Only the time period during which a round of habeas review is pending tolls the statute of

8  limitations; periods between different rounds of collateral attack are not tolled."); Biggs v.

9  Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of

10  collateral review" when he filed a non-ascending petition in the Superior Court, and was "no

11  longer pursuing his application for habeas relief up the ladder of the state court system.").

12     Second, petitioner waited 194 days before filing the second petition.  Because of

13  the extensive delay, the second state court petition is presumptively untimely.  Evans v. Chavis,

14  546 U.S. 189, 201 (2006) (delay of six months was unreasonable under California law);

15  Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (delay of 91 days between first petition

16  and the date second petition filed in court of appeal unreasonable); Chaffer v. Prosper, 592 F.3d

17  1046, 1047-48 (9th Cir. 2010) (per curiam) (gaps of 115 days and 100 days rendered California

18  state habeas petitions untimely).

19     Accordingly, petitioner is not entitled to interval tolling for the 194 day delay

20  between the denial of his first petition, and the filing of the second petition in the Butte County

21  Superior Court.  Thus, the statute of limitations period ran for 194 days from June 21, 2008, until

22  January 1, 2009, leaving petitioner 171 days in which to file his federal petition.

23  ////

24

25     [12]  Petitioner's second petition for writ of habeas corpus filed in the Butte County
Superior Court raised new issues not contained in the first habeas petition, and is therefore
26  considered a second round of habeas review.  Banjo, 614 F.3d at 968.

1    Respondent does not contend that the second petition in the Butte County

2  Superior Court was improperly filed.  Thus, petitioner is entitled to statutory tolling from January

3  1, 2009, through February 6, 2009, during the 36 day pendency of the second petition.  The

4  statute of limitations period began to run again on February 7, 2009.

5    The next day, February 8, 2009, petitioner filed a third petition, again in the Butte

6  County Superior Court.  Because petitioner did not file this petition in a higher court, petitioner is

7  not entitled to interval tolling for the one day between the denial of the second petition, and the

8  filing of the third petition in the Butte County Superior Court.  Thus, petitioner now had 170 days

9  in which to file a federal petition.

10    Respondent does not contend that the third state petition was improperly filed, and

11  concedes that the statute of limitations period was tolled from February 8, 2009, through March

12  13, 2009.  The limitations period began running again on March 14, 2009.  Petitioner had 170

13  days in which to file the federal petition.

14    On June 30, 2009, petitioner filed a petition for writ of habeas corpus in the

15  California Court of Appeal, 108 days after the third state petition was denied by the Butte County

16  Superior Court.  Because petitioner unreasonably delayed his filing in the Court of Appeal,

17  petitioner is not entitled to interval tolling for the 108 day period.  Evans, 546 U.S. at 201.  Thus,

18  by June 30, 2009, petitioner had 62 days left to file a federal petition.

19    Respondent does not contend that the petition filed in the Court of Appeal was

20  improperly filed.  Thus, the limitations period was tolled from June 30, 2009, until July 30, 2009,

21  and began running again on July 31, 2009.  On July 31, 2009, the federal petition was due 62

22  days later, or on October 1, 2009.

23    On November 12, 2009, petitioner filed a fourth petition in the Butte County

24  Superior Court.  However, by November 12, 2009, the statute of limitations period had expired.

25  State habeas petitions filed after the one-year statute of limitations period has expired do not

26  revive the statute of limitations, and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d

820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  None of

petitioner's subsequent state court filings have tolling effect for the same reason.

Although the statute of limitations period expired on October 1, 2009, petitioner

did not file the instant petition until January 5, 2012, over two years too late.  Thus, petitioner's

challenge to his 2007 convictions is time-barred unless petitioner can demonstrate he is entitled

to equitable tolling.

2.  2008 Conviction

Petitioner's June 24, 2008 conviction became final on August 23, 2008, sixty days

after the period for filing a direct appeal expired.  See Cal. Rules of Court 8.308 (formerly Rule

30.1).  The AEDPA statute of limitations period began to run the following day, on August 24,

2008.  Patterson, 251 F.3d at 1246.  Absent tolling, petitioner's last day to file his federal petition

was on August 24, 2009.

As noted above, petitioner's first state court petition did not challenge the 2008

conviction.  (See n.2 infra.)  Thus, petitioner is not entitled for tolling during the pendency of the

first petition in the Butte County Superior Court.

Petitioner's second petition, filed January 1, 2009, challenged the 2008 conviction

in the Butte County Superior Court.  Petitioner is not entitled to interval tolling from the date

when his conviction became final until when he filed any state habeas petition.  Porter v. Ollison,

620 F.3d 952, 958 (9th Cir. 2010) ("tolling begins when the state habeas petition is filed.")

Because petitioner's 2008 conviction became final on August 23, 2008, the limitations period ran

from August 24, 2008, until January 1, 2009, when petitioner filed the second state court petition,

a period of 130 days.  Thus, on January 1, 2009, petitioner had 235 days left in which to file a

federal petition.

Respondent does not contend that the second petition was improperly filed.  Thus,

petitioner is entitled to tolling from January 1, 2009, until February 6, 2009, the date the second

petition was denied.  The limitations period began to run again on February 7, 2009, and

petitioner had 235 days left to file a federal petition.

Petitioner's third petition was filed on February 8, 2009; however, because petitioner did not file the petition in a higher court, he is not entitled to interval tolling for the one day period between the denial of the second petition and the filing of the third petition.  Thus, on February 8, 2009, petitioner had 234 days left to file a federal petition.

Respondent does not contend that the third petition, filed February 8, 2009, was improperly filed.  During the pendency of the third petition, petitioner is entitled to tolling from February 8, 2009, until March 13, 2009, the date the third petition was denied.  On March 14, 2009, the limitations period began to run again, and petitioner had 234 days left to file the federal petition.

Petitioner did not file his next petition until June 30, 2009, 109 days after the March 13, 2009 denial.  Although petitioner filed this petition in the Court of Appeal, the 109 day delay in filing was unreasonable under Evans, 546 U.S. at 201.  Petitioner is not entitled to interval tolling for the 109 day period.  Thus, petitioner now had 125 days left in which to file a federal petition.

Respondent does not contend that this Court of Appeal petition was improperly filed.  Thus, petitioner is entitled to tolling from June 30, 2009, through July 30, 2009, during the pendency of this petition.  The statute of limitations period began to run again on July 31, 2009, and, due to such tolling, petitioner had 125 days to file the federal petition.

On November 12, 2009, petitioner's next petition was filed in the Butte County Superior Court.  Because petitioner failed to file this petition in the next higher court, petitioner is not entitled to interval tolling.  Thus, the limitations period ran from July 31, 2009, through November 12, 2009, a period of 104 days.  By November 12, 2009, petitioner had 21 days to file his federal petition.

Respondent does not contend that the November 12, 2009 petition was improperly filed.  Thus, petitioner is entitled to tolling from November 12, 2009, through November 20,

1    2009.  The limitations period began to run again on November 21, 2009, and, absent further

2    tolling, expired on Saturday, December 12, 2009.  Because the deadline expired on a Saturday,

3    petitioner had until Monday, December 14, 2009, in which to file his federal petition.

4         Petitioner's next state court filing was a petition filed in the Butte County

5    Superior Court on May 1, 2010, over four months after the limitations period expired.  State

6    habeas petitions filed after the one-year statute of limitations period has expired do not revive the

7    statute of limitations, and have no tolling effect.  See Ferguson, 321 F.3d at 823; Jimenez, 6 F.3d

8    at 482.  Similarly, petitioner's subsequent two state court petitions have no tolling effect.

9         Although the statute of limitations period expired on December 14, 2009,

10   petitioner did not file the instant petition until January 5, 2012, over two years too late.  Thus,

11   petitioner's challenge to his 2008 conviction is time-barred unless petitioner can demonstrate he

12   is entitled to equitable tolling.

13   VI.  Equitable Tolling

14        Equitable tolling is available to toll the one-year statute of limitations available to

15   28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A

16   litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights

17   diligently; and (2) that some extraordinary circumstance stood in his way.  Pace, 544 U.S. at 418.

18   The Ninth Circuit has explained:

19            To apply the doctrine in "extraordinary circumstances" necessarily
              suggests the doctrine's rarity, and the requirement that
20            extraordinary circumstances "stood in his way" suggests that an
              external force must cause the untimeliness, rather than, as we have
21            said, merely "oversight, miscalculation or negligence on [the
              petitioner's] part, all of which would preclude the application of
22            equitable tolling.

23   Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted),

24   cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.

25   2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's

26   burden to demonstrate he is entitled to equitable tolling.  Espinoza-Matthews v. California, 432

1   F.3d 1021, 1026 (9th Cir. 2005).

2          Here, the amended petition provides no basis for equitable tolling.  (Dkt. No. 20.)

3   Moreover, petitioner did not file an opposition.  Thus, petitioner failed to demonstrate that he is

4   entitled to equitable tolling.  Accordingly, the undersigned finds that petitioner has not met his

5   burden of demonstrating the existence of grounds for equitable tolling.  See Pace, 544 U.S. at

6   418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza-

7   Matthews, 432 F.3d at 1026.

8   VII.  Alternative Grounds

9          Because the court finds the petition is time-barred, the court need not reach

10  respondent's alternative grounds for dismissal.

11  VIII.  Conclusion

12         Because this action is barred by the statute of limitations, respondent's motion to

13  dismiss is granted.

14         Before petitioner can appeal this decision, a certificate of appealability must issue.

15  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28

16  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

17  constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

18  appealability indicating which issues satisfy the required showing or must state the reasons why

19  such a certificate should not issue.  Fed. R. App. P. 22(b).

20         For the reasons set forth above, the undersigned finds that petitioner has not made

21  a showing of a substantial showing of the denial of a constitutional right.

22         Accordingly, IT IS HEREBY ORDERED that:

23         1.   William Knipp, current Warden of Mule Creek State Prison, is substituted as

24  respondent;

25         2.   The order to show cause filed March 4, 2013 (dkt. no. 32) is discharged;

26         3.   Respondent's January 9, 2013 motion to dismiss (dkt. no. 30) is granted; and

1         4.   The court declines to issue the certificate of appealability referenced in 28

2 U.S.C. § 2253.

3   DATED:  April 12, 2013

4

5                                                                                   

6                              KENDALL J. NEWMAN
                             UNITED STATES MAGISTRATE JUDGE

7 rood0170.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26